**HARRY ELDRIDGE CO., Inc., Petitioner,**

v.

**T. S. LANKFORD & SONS, INC., et al., Respondents.**

No. A–9238.

Supreme Court of Texas.

July 24, 1963.

Strong, Baker & Heyburn, Houston, McClain & Harrell, Conroe, for petitioner.

Jack Sayles, Abilene, Fountain, Cox & Gaines, Houston, and Joe G. Roady, Houston, for respondents.

HAMILTON, Justice.

Upon plenary consideration, we have decided that this court is without jurisdiction of this cause. The Court of Civil Appeals reversed the trial court's order overruling a plea of privilege with one of the justices dissenting. 359 S.W.2d 663. We granted writ of error in reliance upon Article 1728, § 1, Vernon's Ann.Tex.Stats., which provides that this court shall have appellate jurisdiction over questions of law arising in those cases "in which the judges of the Courts of Civil Appeals may disagree upon any question of law material to the decision."

Obviously the purpose of this provision was to afford this court an opportunity to decide points of dissent. Prior to the 1953 amendment to the jurisdictional statutes of this court and the Courts of Civil Appeals, Acts 1953, 53rd Leg., Ch. 424, p. 1026, Articles 1728 and 1821, Vernon's Ann.Tex.Stats., this court's authority over points of dissent in plea of privilege cases could only be exercised by certified questions sometimes implemented by the writ of mandamus and was confined to the point of dissent. See Howell v. Howell, 147 Tex. 14, 210 S.W.2d 978. Under the writ of error practice, it is generally held that when our jurisdiction is properly invoked as to one point set forth in the application for writ of error, we acquire jurisdiction of the entire case.[1] In the present case, however, it appears that petitioner's application does not invoke our jurisdiction as to the point of dissent by a proper assignment. Further, we do not regard as fundamental the error, if any, pointed out in the dissent.

As our jurisdiction to decide the point of dissent has not been effectively invoked, we are without jurisdiction of the cause. The order granting the writ of error is set aside and the application is dismissed.

[1]. Pittman v. Baladez, 158 Tex. 372, 312 S.W.2d 210; North East Texas Motor Lines v. Hodges, 138 Tex. 280, 158 S.W. 2d 487; Moore v. Davis, Tex.Comm.App., 27 S.W.2d 153.