Margarita M. STAFFORD, Petitioner,

v.

Robert T. STAFFORD, Respondent.

No. C–5220.

Supreme Court of Texas.

Feb. 18, 1987.

Rehearing Denied April 15, 1987.

Robert Charles Lyon and Michael A. Yonks, Lyon & Lyon, Mesquite, for petitioner.

John A. George, John A. George, P.C., Dallas, for respondent.

## OPINION

HILL, Chief Justice.

This case arose out of a divorce action. In 1984, Robert Stafford sued Margarita Stafford for divorce. Margarita filed a counterclaim to recover personal injury damages alleging that Robert transmitted a venereal disease to her. Although the case was not severed, the divorce proceeding was tried by the district court, while the personal injury case was tried before a jury. The jury found issues supporting Margarita's personal injury claim and found that she should recover compensatory and exemplary damages. In the divorce action, the trial court determined that Robert and Margarita's marriage had become insupportable and rendered a judgment that (1) awarded Margarita in damages for personal injuries and (2) granted the divorce and (3) divided the marital estate equally between Margarita and Robert.

Both parties appealed from the trial court's judgment. Margarita contended that the trial court abused its discretion when it divided the marital estate equally, while Robert argued that Margarita should receive nothing on her personal injury claim. In an unpublished opinion, the court of appeals affirmed the trial court's division of the marital estate and rendered judgment that Margarita take nothing from her personal injury suit because there was no evidence to support such judgment. We affirm the division of the marital estate and we reverse and remand Margarita's personal injury action to the court of appeals for further proceedings.

## JURISDICTION

■ Robert argues that this is a "case of divorce" over which this Court lacks jurisdiction absent a dissent or conflict. *See* TEX.GOV'T.CODE ANN. § 22.225(b)(3) & (c) (Vernon 1987). This, however, is not solely "a case of divorce" because Margarita has joined and carried forward on appeal an additional claim against Robert for personal injury upon which she prevailed before the jury and upon which verdict a judgment was rendered in the trial court thereby permitting assumption of jurisdiction by this Court. TEX.GOV'T.CODE ANN. § 22.001(a)(6) (Vernon 1987). We granted writ to review the court of appeals holding that there is no evidence to support judgment for Margarita on her personal injury claim, and "under the writ of error practice, it is generally held that when our jurisdiction is properly invoked as to one point set forth in the application for writ of error, we acquire jurisdiction of the entire case." *Harry Eldridge Co., Inc. v. T.S. Lankford & Sons, Inc.,* 371 S.W.2d 878, 879 (Tex.1963).

## INTERSPOUSAL IMMUNITY

■ The jury found that Robert transmitted a venereal disease to Margarita, that he was negligent and grossly negligent, and that she was injured by the disease. Based on these findings, the trial court awarded Margarita compensatory and exemplary damages. While Robert argues that this part of the trial court's judgment must be reversed because the doctrine of interspousal immunity bars, as a matter of law, a negligence action between spouses, he did not plead or raise interspousal immunity as a defense in the trial court.

Unless fundamental error is involved, a party cannot raise an issue on appeal if the issue was not raised in the party's pleadings or during trial. *E.g., Gray-Taylor, Inc. v. Tennessee,* 587 S.W.2d 668 (Tex. 1979); *State of California Department of Mental Hygiene v. Bank of the Southwest National Association,* 163 Tex. 314, 354 S.W.2d 576 (1961); *Willis v. Titan Contractors Corp.,* 625 S.W.2d 69 (Tex.Civ. App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.); *Smith v. Davis,* 453 S.W.2d 340 (Tex.Civ.App.—Fort Worth 1970, writ ref'd

n.r.e.). Robert therefore waived that defense and we need not reach the issue of whether the doctrine of interspousal immunity continues to bar negligence actions between spouses.

## EVIDENTIARY ISSUES

Robert further argues that there is no evidence to support the jury's findings that (1) he transmitted a venereal disease to Margarita, (2) he was negligent, (3) he was grossly negligent and (4) Margarita sustained actual damages of $254,320. In the alternative, Robert contends that there was factually insufficient evidence to support the jury's findings. Robert also maintains that the damages assessed against him should be remitted. The court of appeals agreed that there was no evidence to support the jury's finding that Robert transmitted a venereal disease to her and reversed the judgment of the trial court. The court of appeals did not address Robert's other points of error.

 In determining whether there is any evidence to support a jury's findings, "an appellate court must consider only the evidence and the inferences tending to support the finding and disregard all evidence and inferences to the contrary." *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965). We have carefully reviewed the record in this case and find that it contains more than a scintilla of evidence that during this marriage Robert had adulterous relationships; that he contracted a venereal disease; that he transmitted to Margarita such venereal disease; that the venereal disease was a proximate cause of injury to Margarita; that such injury caused her to suffer mental anguish; and, that such injury caused her to lose several thousand dollars in lost wages. Thus, there is some evidence to support the jury's findings, and the court of appeals erred in its holding of no evidence.

Robert also argues that the jury's findings were not supported by factually sufficient evidence or, in the alternative, that

the damages awarded by the jury should be remitted. The court of appeals found it unnecessary to address these points because the court decided that there was no evidence to support the jury's finding that Robert transmitted a venereal disease to Margarita. Because we have concluded that there is some evidence to support all of the jury's findings, we remand Margarita's personal injury action to the court of appeals to consider Robert's factual sufficiency and remittur points of error. *Pool v. Ford Motor Co.*, 715 S.W.2d 629 (Tex. 1986).

## DIVISION OF THE MARITAL ESTATE

 In essence, Margarita argues that the trial court abused its discretion by dividing the marital estate equally between her and Robert. She contends that the court must give her a greater share of the marital estate, and award her attorney's fees, because Robert committed adultery and because he earned a substantially higher income than her. We disagree. Fault and disparity in the parties' incomes are only two of the many factors the trial court should consider when dividing a marital estate. *Murff v. Murff*, 615 S.W.2d 696, 699 (Tex.1981). An appellate court will not reverse and remand a trial court's property division unless the trial court clearly abused its discretion. *Bell v. Bell*, 513 S.W.2d 20, 22 (Tex.1974). Considering all the facts of this case, we cannot say that the trial court abused its discretion. Accordingly, we affirm the trial court's division of the marital estate and reverse and remand Margarita's personal injury action to the court of appeals for proceedings consistent with this opinion.

MAUZY, J., files a concurring opinion in which GONZALEZ, J., joins.

WALLACE, J., notes his dissent.

MAUZY, Justice, concurring.

I concur with the court's result; however, I respectfully submit that the time

has come to abolish the legal myth of interspousal immunity. The interspousal immunity rule is a "creature of the common law that resulted exclusively from judicial decisions." *Boblitz v. Boblitz,* 296 Md. 242, 462 A.2d 506, 507 (1983). The rule, as described by Blackstone, is as follows:

> By marriage, the husband and wife are one person in law: that is, the very being or legal existence of the woman is suspended during the marriage, or at least is incorporated and consolidated into that of the husband: under whose wing, protection, and *cover,* she performs everything; and is therefore called in our lawfrench a *feme-covert, foemina viro cooperta;* is said to be *covert-baron,* or under the protection and influence of her husband, her *baron,* or lord; and her condition during her marriage is called her coverture. Upon this principle, of a union of person in husband and wife, depend almost all the legal rights, duties, and disabilities, that either of them acquire by the marriage.

> \* \* \* \* \* \*

> If the wife be injured in her person or her property, she can bring no action for redress without her husband's concurrence, and in his name, as well as her own: neither can she be sued without making the husband a defendant.

1 W. BLACKSTONE, COMMENTARIES, Ch. 15, p. 442–443 (emphasis original).

By 1983, some twenty-eight jurisdictions had fully abrogated the rule of interspousal immunity; at least ten jurisdictions had abolished the rule, in part, as to all or some torts; one jurisdiction allowed a cause of action between spouses but because of conflicting statutes, provides no remedy. *See Boblitz v. Boblitz,* 462 A.2d at 522–524.

The rule emanates from English common law, under which women were chattels. Such a rule has no basis in 20th century reason and should be abolished.

The doctrine of interspousal immunity is more aptly termed "a rule in derogation of married women." *Boblitz v. Boblitz,* 462

A.2d at 507. Undoubtedly, the doctrine's time has come and gone.

GONZALEZ, JJ., joins in this concurring opinion.