cv4-477.gulf 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00477-CV







Gulf Business Forms, Inc., Appellant



v.



Aratex Services, Inc., Appellee







FROM THE DISTRICT COURT OF HAYS COUNTY, 207TH JUDICIAL DISTRICT


NO. 93-0371, HONORABLE FRED A. MOORE, JUDGE PRESIDING







PER CURIAM


 Gulf Business Forms, Inc. appeals the trial court's confirmation of an arbitration
award favoring Aratex Services, Inc. We will affirm the judgment.

 By a contract dated May 23, 1990, Aratex agreed to supply Gulf with uniforms,
mats, and dust mops for three years. The parties entered agreements on July 19, 1990 and May
3, 1991 regarding additional services. All three contracts provided for arbitration as follows:



In the event of any controversy, claim or dispute as to construction or operation
of or rights and liabilities relating to this Agreement, at [Aratex's] option, each
such question shall be submitted to and settled by arbitration to be conducted by
the American Arbitration Association . . . .



 Aratex filed a demand for arbitration on July 13, 1992. Aratex cited the arbitration
clause in the May 1990 agreement as the basis. It attached only the May 1990 contract to the
demand for $27,040 for breach of contract. On December 2, 1992, Aratex filed its statement of
claim, mentioning all three contracts, but stating the same liquidated damages demand.

 At the arbitration on December 7, 1992, Gulf objected to Aratex's attempt to
introduce evidence on any contract other than the 1990 agreement. The arbitrator agreed that,
because the demand for arbitration mentioned only the 1990 agreement, Aratex could not
introduce evidence of the subsequent agreements. In his December 21, 1992 opinion, the
arbitrator awarded Aratex $1,954 in damages. 

 Aratex asked the arbitrator to declare that the arbitration covered only the May
1990 contract. Gulf contended that the arbitration should be construed to bar any claims that
could have been brought, citing Barr v. Resolution Trust Corp., 837 S.W.2d 627 (Tex. 1992). 
On January 14, 1993, the arbitrator declared that the May 1990 contract was the only contract
affected by his award.

 The trial court, in its March 3, 1993 order nonsuiting the arbitration confirmation,
stated that claims against Gulf and all matters and things in controversy were fully and finally
settled.

 Meanwhile, in February 1993, Aratex had filed a demand for arbitration under the
May 3, 1991 agreement. Gulf obtained a temporary restraining order against the proceeding. 
Gulf did not plead that the arbitration clause was invalid or unenforceable. Aratex persuaded the
trial court to dissolve the TRO and compel the second arbitration. On December 17, 1993, the
arbitrator awarded Aratex $24,480 for breach of contract.

 Gulf sought to have the trial court vacate the award, raising gross mistake,
collateral estoppel, and res judicata as bases for vacating the award. Aratex requested
confirmation of the award. The trial court confirmed the award at the April 5, 1993 hearing.

 Gulf then filed a motion to reconsider. While the parties waited for a written
judgment, Gulf sent an $8,000 check to Aratex, accompanied by a letter stating that the check was
an attempt to settle the dispute and avoid appeal. In the lower left-hand corner of the check were
the words "full and final settlement." Aratex deposited the check. Gulf contended that an accord
and satisfaction had been reached.

 Aratex denied that it had accepted the check as full payment. It contended that a
clerical employee had accepted and deposited the check without informing corporate managers or
officers. Aratex tendered the funds into the registry of the court.

 After the court issued its June 7, 1994 written judgment confirming its oral
judgment, Aratex sought and received the funds from the registry. The court's disbursement
order stated that the release of funds amounted to no more than a credit against the judgment. 
Gulf appeals by three points of error.

 By its second point of error, Gulf contends that the May 1991 contract does not
contain a valid, enforceable arbitration clause. Gulf did not raise this issue in its pleadings or at
trial. We cannot consider it for the first time on appeal. See Stafford v. Stafford, 726 S.W.2d
14, 15 (Tex. 1987). We overrule point two.

 Gulf contends by point of error one that the court erred by not vacating the second
arbitration award because the award was a gross mistake. Because gross mistake is not among
the limited bases on which the trial court may vacate an award under the statutory arbitration
scheme, Gulf must be contending that the arbitration occurred pursuant to the common law. See
Tex. Rev. Civ. Stat. Ann. arts. 237-238 (West 1973).

 Without deciding that the arbitration was pursuant to the common law, we find
Gulf's point meritless. Gulf contends that the arbitrator's gross mistake was in not finding the
second arbitration barred by res judicata and collateral estoppel. A gross mistake is a mistake that
implies bad faith and failure to exercise honest judgment. House Grain Co. v. Obst, 659 S.W.2d
903, 905 (Tex. App.--Corpus Christi 1983, writ ref'd n.r.e.). Alone, a mistake of law or fact is
insufficient to set aside an arbitration award. Id. at 906. Even if the arbitrator's failure to find
the present complaint barred by res judicata or collateral estoppel was a mistake of law or fact,
we find no evidence of bad faith or a failure to exercise honest judgment. There is no evidence
of a gross mistake. The trial court did not err by failing to vacate the arbitration award on this
basis, regardless of whether it was made pursuant to a common law or a statutory arbitration. We
overrule point one.

 Gulf contends by its third point of error that the court erred by not vacating the
second demand for arbitration because of the purported accord and satisfaction. This point asserts
no error in the arbitration award itself, since Gulf did not make the payment until after the hearing
and oral confirmation of the award at the trial court. That chronology also explains Gulf's failure
to include this ground in its pleading or proof at the trial court hearing. Accord and satisfaction
is not among the bases to vacate a statutory or common law arbitration award. See Tex. Rev.
Civ. Stat. Ann. arts. 237-238; House Grain, 659 S.W.2d at 905-06 (common law bases). While
accord and satisfaction may be a defense to collection actions, Gulf did not properly present it as
a valid basis to vacate the arbitration award. We overrule point three.

 We affirm the judgment.


Before Chief Justice Carroll, Justices Aboussie and Jones

Affirmed

Filed: May 17, 1995

Do Not Publish