**Luc DJETO, Appellant,**

**v.**

**TEXAS DEPARTMENT OF PROTEC-
TIVE AND REGULATORY SER-
VICES, Appellee.**

**No. 04–95–00043–CV.**

Court of Appeals of Texas,
San Antonio.

May 31, 1996.

Carol Herring Weir, San Antonio, for appellant.

Catherine Torres-Stahl, Assistant Criminal District Attorney, San Antonio, for appellee.

Before LOPEZ, STONE and GREEN, JJ.

GREEN, Justice.

Luc Djeto appeals the termination of the parent-child relationship between him and his son, Luke Byars. Djeto's sole point of error challenges the legal and factual sufficiency of the evidence supporting the trial court's decree terminating the parent-child relationship. We vacate the order terminating Djeto's parental rights.

Luke is one of seven children born to Flouna Byars. The seven include two older sisters for whom the Texas Department of Protective and Regulatory Services ("Department") seeks appointment as managing conservator, and three brothers, including Luke, whose parent-child relationship the Department seeks to terminate.[1]

Luke was born March 22, 1989. At some point in 1992, Djeto, suspecting that he was the father of Luke, and accused of being the father of another of Flouna's children, agreed to a blood test. After almost a year delay, the blood test, conducted at Department expense in early 1993, excluded Djeto as the father of the other child, while conclusively establishing his paternity as to Luke.

The petitioner has the burden to prove the elements necessary to support a termination of the parent-child relationship by clear and convincing evidence. *D.O. v. Texas Dept. of Human Services*, 851 S.W.2d 351, 353 (Tex.App.—Austin 1993, no writ). The clear and convincing standard requires more proof than the preponderance of the evidence standard applied in civil cases but less proof than the reasonable doubt standard applied in criminal cases. *In re G.M.*, 596 S.W.2d 846, 847 (Tex.1980).

In deciding a "no evidence" or a "legally sufficiency" point of error, we consider only the evidence and inferences tending to support the finding and disregard all evidence and inferences to the contrary. *Stafford v. Stafford*, 726 S.W.2d 14, 16 (Tex.1987). If there is more than a scintilla of evidence supporting the dispositive findings, we uphold the findings. *Dupree v. Texas Dept. of Protective and Regulatory Services*, 907 S.W.2d 81, 83 (Tex.App.—Dallas 1995, no writ). *Dupree v. Texas Dept. of Protective and Regulatory Services*, 907 S.W.2d at 83.

In reviewing "factual sufficiency" points of error, we must consider and weigh all the evidence, including evidence contrary to the judgment. *Id.* at 81. The verdict will be set aside only if the evidence is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986).

A trial court may terminate the parent-child relationship if the factfinder determines a parent committed one or more of the acts contained within Family Code section

---

1. This appeal concerns only the parental rights of Luc Djeto as they pertain to Luke Byars, none of the other children or parents are before this Court.

161.001, and that "termination is in the best interest of the child." Tex. Fam.Code Ann. § 161.001 (Vernon 1996).[2] Of the grounds alleged by the petitioner, the trial court found, as bases for termination, that Djeto had (1) knowingly placed or knowingly allowed the child to remain in conditions or surroundings which endanger the physical or emotional well-being of the child, and (2) failed to support the child in accordance with his ability during a period of one year ending within six months of the date of the petition for termination was filed. Tex. Fam.Code Ann. § 161.001(1)(D, F)(Vernon 1996).

■ As a precursor to an evidentiary examination, we must ascertain whether Djeto had a duty to act or refrain from acting in a particular manner. In order for an enforceable obligation to exist requiring the support of an illegitimate child, there must be a court order, a judicial admission, or an unequivocal acknowledgement of paternity. *Jimenez ex rel. Little v. Garza,* 787 S.W.2d 601, 603 (Tex.App.—El Paso 1990, no writ).

■ Examination of the record in the instant case reveals varying decrees of equivocation and denial by Djeto about his paternity of Luke; there is no straightforward acknowledgement or judicial admission that Luke is his child. Next, the decree declaring Djeto to be the father of Luke was rendered in open court March 22, 1993. Djeto had no duty to support Luke until that date. Consequently, the Department, as a matter of law, cannot prove that Djeto failed to support Luke for a twelve month period ending within six months of the time the petition to terminate was filed on July 30, 1993, because the decree of paternity was rendered slightly more than four months earlier. Counting twelve months from the date of the decree of paternity ends on a date more than six months after the filing of the petition for termination.

■ Similarly, responsibility for Luke's physical or mental well-being cannot be ascribed to Djeto prior to rendition of the order of paternity. Djeto's acts or omissions regarding Luke prior to that time are not considered. Luke has been in the care and custody of the Department continuously since well before Djeto's paternity was adjudicated, and all visits since that time have been supervised. At oral argument, the Department conceded what the record clearly shows: the evidence is not legally sufficient to support the finding on endangerment.

Djeto's point of error is sustained. The order of the trial court is vacated, but only to the extent that it terminates the parent-child relationship between Luc Djeto and Luke Byars. All other orders of the court therein, as well as, any orders pertaining to conservatorship, child support, visitation relating to Djeto and Luke Byars remain in full force and effect.

---

2. Formerly located in Tex. Fam.Code Ann. § 15.02.