In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-01-00192-CV

____________


CATHERINO GAITON, Appellant


V.


SUSAN BULLOCK, Appellee






On Appeal from the 129th District Court 

Harris County, Texas

Trial Court Cause No. 9808293





O P I N I O N 


 In this auto accident case, we must decide whether the evidence was legally
and factually sufficient to support medical expenses awarded to plaintiff/appellee,
Susan Bullock, against defendant/appellant, Catherino Gaiton, after a jury trial. We
affirm the trial court's judgment.

FACTUAL AND PROCEDURAL BACKGROUND


 On March 6, 1997, Gaiton ran a red light and hit Bullock's car. Following the
accident, Bullock began experiencing back pain. She went to her family doctor, who
referred her to Dr. Michael Blackwell, an orthopedic surgeon. Dr. Blackwell ordered
that Bullock undergo an MRI at Houston Northwest Medical Center. The MRI
showed that Bullock had a bulging disk in her lower back. Dr. Blackwell referred
Bullock to Dr. Shedden, a neurosurgeon, to determine whether she needed surgery. 
Dr. Shedden ordered that Bullock undergo physical therapy; Bullock received therapy
at Texas Sports Medical Center. Dr. Shedden also ordered Bullock to undergo a
series of injections in her lower back. Dr. Shedden referred Bullock to Dr. Liu, a pain
management physician, who performed the injections at Houston Northwest Medical
Center. Bullock continued to receive medical treatment for her back until the summer
of 1999.

 On February 23, 1998, Bullock filed suit against Gaiton based on negligence
and negligence per se. The case was ultimately tried to a jury which, after finding
Gaiton's negligence caused the auto accident, awarded Bullock damages as follows:
$2,500 for physical pain and mental anguish, $2,821.24 for loss of earning capacity,
$1,000 for physical impairment, and $28,832.82 for reasonable expenses of necessary
medical care. Based on the jury's verdict, the trial court entered judgment awarding
Bullock $35,154.06 in damages, plus pre- and post-judgment interest.

 Gaiton filed a motion for new trial and a motion for remittitur contesting the 
amount of damages awarded to Bullock. Because there is no order denying these
motions in the record, we presume that they were denied by operation of law.

 In one point of error, Gaiton complains that there was "no evidence" or
insufficient evidence to support the trial court's award of damages because the
evidence did not support the jury's finding relating to the award of $28,832.82 for
reasonable expenses of necessary medical care.

 STANDARD OF REVIEW


 Gaiton's "no evidence" argument challenges the legal sufficiency of the
evidence to support the award of medical expenses to Bullock; Gaiton's "insufficient
evidence" argument challenges the factual sufficiency of the evidence. See W.
Wendell Hall, Standards of Review in Texas, 29 St. Mary's Law J. 351, 487 (1998). 

 When, as here, the party without the burden of proof challenges the legal
sufficiency of the evidence, we will sustain the challenge only if, considering the
evidence and inferences in the light most favorable to the finding, there is not more
than a scintilla of evidence supporting it. Stafford v. Stafford, 726 S.W.2d 14, 16
(Tex. 1987); Star Houston, Inc. v. Shevack, 886 S.W.2d 414, 417 (Tex.
App.--Houston [1st Dist.] 1994, writ denied). "More than a scintilla of evidence
exists where the evidence supporting the finding, as a whole, 'rises to a level that
would enable reasonable and fair-minded people to differ in their conclusions.'" See
Transp. Ins. Co. v. Moriel, 879 S.W.2d 10, 25 (Tex. 1994).

 When reviewing a challenge to the factual sufficiency of the evidence, we must
consider all of the evidence in the record. See Plas-Tex, Inc. v. U.S. Steel Corp., 772
S.W.2d 442, 445 (Tex. 1989). In reviewing an insufficiency of the evidence
challenge, we must first consider, weigh, and examine all of the evidence that
supports and that is contrary to the jury's determination. See id. We should set aside
the verdict only if the evidence that supports the jury's finding is so weak as to be
clearly wrong and manifestly unjust. See Cain v. Bain, 709 S.W.2d 175, 176 (Tex.
1986).

DISCUSSION


 Gaiton complains the evidence offered by Bullock in support of her reasonable
expenses of necessary medical care is legally and factually insufficient to support the
damage awarded because Bullock's evidence included medical expenses for a
procedure unrelated to the auto accident. 

 At trial, Bullock introduced affidavits from the custodian of financial records
for each of the health care providers from whom she had received treatment for her
injuries sustained in the March 6, 1997 auto accident. In each affidavit, the custodian
stated that attached were "medical bills from my offices regarding the patient, Susan
Bullock and pertaining to injuries suffered by said patient from an incident occurring
on or about March 6, 1997." The affidavits also certified that Bullock had incurred
charges as follows:

 Houston Northwest Medical Center $27,714.75

 Dr. Joseph Liu $4,525.00

 Houston Northwest Orthopaedic & Sports $534.00

 Northwest Anesthesiology & Pain Service $3,120.00

 Tomball Regional Hosp./Tx. Sports Med. $5,382.35

 Dr. Lee Pollock $1,371.00

 Dr. Peter Shedden $963.82

 The total amount of charges expressed in the affidavits is $43,610.92. As
stated above, the jury awarded Bullock $28,832.82 for reasonable expenses of
necessary medical care. 

 Gaiton complains the amounts stated in the affidavits for Houston Northwest
Medical Center and Northwest Anesthesiology & Pain Service are excessive because
they each include charges related to surgery Bullock had at Houston Northwest
Medical Center on October 22, 1997 to remove an ovarian cyst. Bullock testified that
the removal of the ovarian cyst was unrelated to the auto accident. Gaiton does not
complain about the amounts stated in the other affidavits. 

 At trial, Bullock did not request the jury to award her the amounts stated in the
Houston Northwest Medical Center and Northwest Anesthesiology & Pain Service
affidavits; rather, she claimed the amount of medical expenses incurred by her related
to the March 6 accident was $15,655.75 at Houston Northwest Medical Center and
$2,340 at Northwest Anesthesiology & Pain Service. On appeal, Bullock
acknowledges the amounts stated in the two affidavits are incorrect. 

 The billing records attached to the affidavits reflect all of the charges claimed
by Bullock related to the accident. However, the billing records attached to the
Houston Northwest Medical Center and Northwest Anesthesiology & Pain Service
affidavits also include copies of bills for charges that Bullock does not claim as a
result of the auto accident. In particular, the billing records attached to the Northwest
Anesthesiology & Pain Service affidavit include a bill reflecting a $780 charge
related to the Bullock's ovarian cyst surgery.

 On appeal, Gaiton contends the Houston Northwest Medical Center and
Northwest Anesthesiology & Pain Service affidavits were "defective" and should not
have been considered by the jury. Gaiton also contends the discrepancies between
the affidavits, billing records, and amounts claimed by Bullock at trial would have
been confusing to the jury. However, at trial, Gaiton did not object to the affidavits
on the basis that the stated amounts were incorrect. Instead, Gaiton's counsel
generally objected to all of the medical expense affidavits on the ground that Bullock
had not established causation between the March 6 auto accident and her injuries. At
trial, Gaiton took the position that Bullock's injuries were caused by an accident
predating the accident at issue in this case.

 In order to preserve a complaint for appellate review, a party must present to
the trial court a timely motion or objection stating the specific grounds therefor. Tex.
R. App. P. 33.1. An objection at trial that is not the same as that urged on appeal
presents nothing for review. Haryanto v. Saeed, 860 S.W.2d 913, 921 (Tex.
App.--Houston [14th Dist.] 1993, writ denied). Gaiton cannot now complain that the
jury should not have been allowed to consider the affidavits because they are
"defective" when he failed to make such objection when the affidavits were admitted
into evidence.

 Moreover, the jury had all of the relevant information needed to determine the
amount of reasonable expenses for necessary medical care incurred by Bullock as a
result of the auto accident. Dr. Blackwell testified Bullock's back injuries resulted
from the March 6 auto accident. Testimony was also presented as to the type of
treatment Bullock received for her injuries, when she was treated, and the name of the
health care providers giving treatment. The jury was also informed of the date
Bullock underwent surgery for removal of ovarian cyst surgery. The jury was told
that Bullock's ovarian cyst surgery was unrelated to her injuries resulting from the
auto accident. Thus, from this information, the jury knew which expenses reflected
in the billing records were related to Bullock's injuries sustained in the auto accident
and which were not. Although medical bills that were unrelated to the amounts
Bullock claimed for her injuries resulting from the March 6 accident were admitted
into evidence, all of the billing records supporting Bullock's claimed damages were
also admitted. From the evidence presented, the jury could extrapolate the amount
of reasonable expenses for necessary medical care incurred by Bullock and related
to the March 6 accident. 

 Applying the appropriate standards of review, we conclude the evidence was
legally and factually sufficient to support the jury's award of $28,832.82 to Bullock
for reasonable expenses of necessary medical care.

 We overrule appellant's sole point of error.

CONCLUSION


 We affirm the trial court's judgment.

 



 Margaret Garner Mirabal

 Justice


 

Panel consists of Justices Mirabal, Hedges, and Jennings.


Do not publish. Tex. R. App. P. 47.