NUMBER 13-00-347-CV

 

                              COURT
OF APPEALS

 

                   THIRTEENTH
DISTRICT OF TEXAS

 

                       CORPUS CHRISTI B EDINBURG

 

COASTAL MART, INC.,                                                         
       Appellant,

 

                                                   v.

 

ALFREDO HERNANDEZ,
JR.,                                                           Appellee.

 

                                                                                                         

                         On
appeal from the 139th District Court

                                  of Hidalgo County, Texas.

 

 

                                    O
P I N I O N

 

        Before Chief
Justice Valdez and Justices Dorsey and Rodriguez

                              Opinion
by Chief Justice Valdez








Alfredo Hernandez, Jr. sued Coastal Mart, Inc. (ACoastal@) for gender-based discrimination under the Texas Commission
on Human Rights Act (ATCHRA@) after Coastal terminated him and hired a woman to replace him.  See Tex.
Lab. Code Ann. '' 21.001- 21.556 (Vernon 1996 & Supp. 2002).  The jury found for Hernandez, and the trial
court entered judgment on the verdict. 
Through eight issues Coastal challenges: (1-4) the legal and factual
sufficiency to support the jury=s findings; (5-6) the legal and factual
sufficiency of damages awarded; and (7-8) the attorney=s fees that were awarded.  We
affirm.

Facts

In July, 1990, Hernandez began work as a cashier in a Coastal Mart Store
in Edinburg. 
After two months he was promoted to assistant manager and later to store
manager.  After managing the Edinburg store for two and one-half years he was
transferred to manage another store in McAllen.  In
August, 1994, Robert Flores (AFlores@) became the area sales manager for Hernandez=s area and supervised Hernandez. 
In early 1995, Flores gave him two awards for his work at the McAllen store. 

Prior to Hernandez=s termination, Flores made various assertions concerning his
preference for a female to fill Hernandez=s position.  Flores also admitted a preference for female
managers.  Armando Vasquez, a co-worker,
overheard similar comments made by Flores. 
Specifically, he heard Flores comment Ahow a female could manage the store better.@  On other occasions he heard Flores state Ahow a female could keep the store organized and clean.@  Hernandez was terminated on June 15, 1995.

Procedural History








On December 11, 1996, Hernandez sued Coastal and Flores for violations of the TCHRA, alleging
discrimination based on gender.  The jury
found that gender was a Amotivating factor@ in Coastal=s decision to terminate Hernandez and
awarded $135,000.00 in compensatory damages. 
The trial court reduced this figure to $128,000.00 and awarded
$41,088.64 in prejudgment interest, and $32,535.25 in attorney=s fees.                     

Arguments

A.               
Legal and
Factual Sufficiency

Appellant=s first four issues challenge the legal and factual sufficiency of the
evidence.    

When a party attacks
the factual sufficiency of an adverse finding on an issue on which he has the
burden of proof, he must demonstrate on appeal that the adverse finding is
against the great weight and preponderance of the evidence.  Dow Chem. Co. v. Francis,
46 S.W.3d 237, 242 (Tex. 2001).  The court of appeals must
consider and weigh all of the evidence, and can set
aside a verdict only if the evidence is so weak or if the finding is so against
the great weight and preponderance of the evidence that it is clearly wrong and
unjust.  Id.  








When we review a
legal sufficiency challenge, we must consider all the evidence in a light
favorable to the party in whose favor the verdict was rendered, and every
reasonable inference raised by the evidence is to be indulged in that party=s favor.  Formosa Plastics
Corp. USA v. Presidio Eng=rs & Contractors, Inc., 960 S.W.2d 41, 48 (Tex. 1998); Hines v. Comm=n for Lawyer Discipline, 28 S.W.3d 697, 701 (Tex. App.BCorpus Christi 2000, no pet.). 
A legal sufficiency point may only be sustained when the record
discloses: (1) a complete absence of evidence of a vital fact; (2) the court is
barred by rules of law or of evidence from giving weight to the only evidence
offered to prove a vital fact; (3) the evidence offered to prove a vital fact
is no more than a mere scintilla; and (4) the evidence established conclusively
the opposite of the vital fact.  Juliette Fowler Homes, Inc. v. Welch Assocs.,
793 S.W.2d 660, 666 n.9 (Tex. 1990).  If there is more than a
scintilla of evidence to support the finding, the legal sufficiency challenge
fails.  Formosa, 960 S.W.2d at 48; Stafford v. Stafford, 726 S.W.2d
14, 16 (Tex. 1987).

The applicable question concerning Coastal=s termination of Hernandez=s employment reads as follows:

Question 1:                                                                     

Was gender a motivating factor in
Coastal Mart, Inc.=s decision to discharge Alfredo Hernandez, Jr.?

 

A Amotivating factor@ in an employment decision is a
reason for making the decision at the time it was made.  There may be more than one motivating factor
for an employment decision.      

 

Answer AYes@ or ANo.@

Section 21.051 of the Texas Labor Code provides that an Aemployer commits an unlawful employment practice if because of
. . . sex . . . the employer . . . discharges an individual . . . .@  Tex. Lab. Code Ann. ' 21.051(1) (Vernon Supp. 2002). 
An unlawful employment practice is established when the complainant
demonstrates that sex was a motivating factor for an employment practice.  Tex. Lab. Code Ann. ' 21.125(a) (Vernon Supp. 2002). 









The TCHRA is modeled after federal civil rights law.  See NME Hosps., Inc. v. Rennels, 994
S.W.2d 142, 144 (Tex. 1999). 
One express purpose of the TCHRA is to Aprovide for the execution of the policies of Title VII of the
Civil Rights Act of 1964 and its subsequent amendments.  Tex. Lab. Code Ann. ' 21.001(1) (Vernon Supp 2002). 
The TCHRA purports to correlate Astate law with federal law in the area of discrimination in
employment.@ 
Schroeder v. Texas Iron Works, Inc., 813 S.W.2d
483, 485 (Tex. 1991). 
Thus, in light of the legislature=s express purpose, we look to analogous federal precedent for
guidance when interpreting the Texas Act. 
See NME Hosps., Inc. v. Rennels, 994 S.W.2d 142, 144 (Tex. 1999).

The United States Supreme Court has held that Title VII
protects an employee from reverse discrimination, that is, employer
discrimination against a member of a historically favored group.  McDonald v. Santa Fe
Trail Transp. Co., 427 U.S. 273, 280
(1976).  An employer=s decision to terminate a person=s employment violates the TCHRA when that decision was based on
sex, whether that sex be male or female.  See Martinez v. El Paso County,
710 F.2d 1102, 1105-06 (5th Cir. 1983) (discussing Title VII); see also
Byers v. Dallas Morning News, Inc., 209 F.3d 419, 425 (5th Cir. 2000)
(holding that an employer=s decision to terminate and
individual=s employment based on race is a
violation of Title VII, regardless of whether that person is white or
black).  

In review of Coastal Mart=s appeal, the dissent focuses on the McDonnell Douglas
burden-shifting scheme.  McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04
(1973).  Under that framework,
the dissent examines a three step process, in which: (1) the plaintiff proves
his prima facie case by a preponderance of the evidence; (2) the defendant
rebuts the presumption of intentional discrimination arising from the prima
facie case by articulating legitimate, non-discriminatory reasons for the
challenged action; and (3) the plaintiff counters by offering evidence that the
legitimate, non-discriminatory reasons are really a pretext for discrimination.  Casarez v. Burlington Northern/Santa Fe Co., 193 F.3d 334, 337 (5th
Cir. 1999) (footnote and citations omitted).








However, when a case has been fully tried on its merits, as
here, we do not focus on the burden shifting scheme described above.  Rubinstein v. Adm=rs of Tulane Educ. Fund, 218 F.3d 392, 402-03 (5th Cir. 2000);  Rutherford v. Harris County,
197 F.3d 173, 180 (5th Cir. 1999).  Once
the case has been submitted to the jury, Athe adequacy of a party=s showing at any particular stage of the McDonnell Douglas
ritual is unimportant.@ Travis Bd. of Regents of Univ.
of Texas Sys., 122 F.3d 259, 263 (5th Cir. 1997) (quoting Molnar v. Ebasco Constructors, Inc., 986 F.2d 115, 118 (5th Cir.
1993)).  We need not parse the evidence
into discrete segments.  Rubinstein,
218 F.3d at 402. 
AInstead, we inquire whether the
record contains sufficient evidence to support the jury=s ultimate findings.@  Smith
v. Berry Co., 165 F.3d 390, 394 (5th Cir. 1999) (citations omitted).  

For Hernandez to prevail in this employment discrimination
case, he, as  a Title VII plaintiff,
bears the burden of proving not only that the employer=s Apurported reasons for taking an
adverse employment action are pretextual, but also
that the employer engaged in illegal discrimination.@  Travis, 122 F.3d at 263.  We
review the record to determine whether there is sufficient evidence to permit a
reasonable jury to find that Coastal Mart terminated Hernandez=s employment because he is male and that its stated reasons for
not doing so are pretextual.  See Rutherford, 197 F.3d at 181
(examining the evidence favorably to the verdict so as to determine whether the
plaintiff introduced sufficient evidence to permit a reasonable jury to find
that the defendant promoted someone else due to their gender); see also Krystek v. Univ. of S. Mississippi, 164 F.3d 251, 256
(5th Cir. 1999).  








Regarding the evidence introduced at trial, we recognize that a
defendant=s stray remarks may be sufficient
evidence of discrimination if the comments are: (1) related to the protected
class of persons of which the plaintiff is a member; (2) proximate in time to
determinations; (3) made by an individual with authority over the employment
decision at issue; and (4) related to the employment decision at issue.  Wal-Mart Stores, Inc., v. Bertrand, 37
S.W.3d 1, 10 (Tex. App.BTyler 2000, pet. denied).  


Viewing the evidence favorably to the verdict, we hold that
Hernandez introduced sufficient evidence to support the verdict.  The record demonstrates a plethora of
evidence regarding gender discrimination. 
First, Hernandez testified that he overheard Flores, the district
manager who terminated Hernandez=s employment, state that a female
would keep the store cleaner and better organized.  Second, Hernandez testified that Flores stated that he preferred having
more female managers because females did a better job than males.  Third, Armando Vasquez testified that he
overheard Flores state that a female could manage the store better than he
could.  Fourth, testimony was admitted
showing that Flores made comments that he was spending a lot of time in Brownsville because there was a nice-looking
female at one of the stores.  Fifth,
evidence was introduced at trial showing Flores=s comments that he preferred a woman for the job and his
subsequent replacement of Hernandez=s position with a woman.  Sixth, the record contains a separation
notice in which Flores writes that the failure to maintain Aa clean and organized office and facility@ was a basis for termination.   









These remarks regarding a woman=s preferable performance directly correspond with Flores=s decision to terminate Hernandez.  They were made in light of Flores=s written remarks in the separation agreement and were done so
in proximate time to the determination to terminate Hernandez=s employment.  We further
recognize that they were made by Flores, a person with the ability to affect
Hernandez=s employment status.

Accordingly, this evidence supports a holding that Flores=s remarks were not merely remote assertions but rather, were
related to Flores=s decision to terminate Hernandez=s employment.  In light
of this evidence, we hold that Areasonable persons could differ in
their interpretation of the evidence, and the facts and reasonable inferences
would permit reasonable jurors@ to find in Hernandez=s favor.  See Rutherford, 197 F.3d at
182.  As such, we hold that there
is more than a
scintilla of evidence to support the jury=s findings.  Formosa, 960 S.W.2d at 48; Stafford v. Stafford, 726 S.W.2d
14, 16 (Tex. 1987). 
We further hold that the evidence is not so weak nor are the jury=s findings so against the great weight and preponderance of the evidence
that they are clearly wrong and unjust. Dow Chem. Co. v.
Francis, 46 S.W.3d 237, 242 (Tex. 2001).

We further overrule Coastal=s contention that it should have been granted a motion for
judgment as a matter law.  We do so in
light of our overruling its legal sufficiency argument.  This is because   Aa motion for judgment as a matter
of law . . . in an action tried by jury is a challenge to the legal sufficiency
of the evidence supporting the jury=s verdict.@  Rubinstein, 218 F.3d at 402-03. 
We also overrule Coastal=s remaining contentions arguing
about the amount of evidence presented concerning other non-discriminatory
reasons for Hernandez=s termination. 








Coastal points to evidence showing non-pretextual
reasons for Hernandez=s termination; namely, concerns with bookkeeping,
customer relations, vendor relations, employee relations, and reporting.  This evidence, although insightful, is not
controlling in this situation since our primary inquiry concerns Awhether the record contains sufficient evidence to support the
jury=s ultimate findings.@  Smith
v. Berry Co., 165 F.3d 390, 394 (5th Cir. 1999).  As we have overruled appellant=s sufficiency of the evidence challenges and its remaining
contentions, appellant=s first four points of error are
overruled.

B.                
Damages

Coastal=s fifth and sixth points of error contest
the damages awarded for back pay. 
Coastal=s main contention argues that there is
insufficient evidence to support the back pay Hernandez was awarded because he
failed to mitigate damages when he voluntarily left his employment at Wal-Mart,
to assist in the care of an ill brother. 
They further argue that Hernandez=s claim that he was unable to find unemployment
after his position at Wal-Mart is Anot credible.@[1]                                            








We review determinations of whether a claimant used reasonable diligence
in attaining and maintaining substantially similar employment as a finding of
fact, reversible only if clearly erroneous. 
Rhodes v. Guilberson Oil Tools, 82 F.3d
615, 621 (5th Cir. 1996); see also NME Hosps., Inc. v. Rennels, 994 S.W.2d 142, 144 (Tex. 1999).  (opining that we look
to analogous federal precedent for guidance when interpreting the Texas Act).  As
such, if the trial court=s findings are plausible in light of the
evidence presented, we may not reverse its decision even if we would have
reached a different conclusion.  Anderson v. Bessemer City, 470 U.S. 564, 573-74 (1985).  A wrongfully discharged employee has a duty
to mitigate damages by making a good faith effort to obtain and retain
employment.  Ford Motor
Co. v. Equal Employment Opportunity Comm=n, 458 U.S. 219, 231-34 (1982). 
Mitigation is a defensive issue upon which Coastal bore the burden of
proof at trial.  Id.  Generally, the reasonableness of plaintiff=s explanation for rejecting a job offer, and the adequacy of efforts to
mitigate are fact questions properly left to the jury.  Id.

At trial, evidence concerning mitigation was presented by both
sides.  Coastal=s expert witness testified that a person in Hernandez=s position should have been able to find a job within a week and a half
at most, and that he should have been able to obtain an equivalent position
with equivalent earning potential within a year and a half.  Hernandez testified concerning his efforts to
obtain employment and retain employment following his discharge until
trial.  He testified that he tried
unsuccessfully to find a job the entire time he was unemployed.

After reviewing the record, we hold that there was no clear error in
finding that Hernandez made a reasonable effort to mitigate damages and hold
that the jury=s findings were plausible in light of the
evidence presented.  Anderson, 470
U.S. at 573-74. 
Regarding Coastal=s argument that Hernandez=s testimony was Anot credible,@ we hold that such conflicts in credibility are matters for the jury,
and as such we will not disturb those findings. 
Ford, 458 U.S. at 231-34.

Appellant=s fifth and sixth points of error are
overruled.

C.               
Attorney=s Fees

Coastal through its
seventh and eighth issues challenges the attorney=s fees that were awarded because (1) they were awarded despite
Hernandez=s failure to submit an issue for fees and (2) Hernandez failed to
timely disclose witnesses as to attorney=s fees.








Coastal argues that
the trial judge erred in making a finding on attorney=s fees because the award of attorney=s fees is an issue that must be submitted to a jury.  However, when a claim is made based on
employment discrimination under the Texas Commission on Human Rights Act,
attorney=s fees may be awarded as part of the cost.  Tex. Lab.
Code Ann. ' 21.259(a) (Vernon Supp. 2002) (providing that Aa court may allow the prevailing party, other than the commission, a
reasonable attorney=s fees as part of the costs@); Gorges Foodservice, Inc. v. Huerta, 964 S.W.2d 656, 673
(Tex. App.BCorpus Christi 1997, no pet.). 
Furthermore, the trial court is the proper authority to determine and
award costs, including attorney=s fees authorized as costs under Chapter 21 of the Texas Labor
Code.  Gorges, 964
S.W.2d at 673; Borg-Warner Protective Servs.
Corp. v. Flores, 955 S.W.2d 861, 870 (Tex. App.BCorpus Christi 1997, no pet.).  

Accordingly, we hold
that the trial court did not err in awarding attorneys to the prevailing party
in this suit.  

Coastal=s final complaint argues that the award of attorney=s fees is erroneous because Hernandez=s expert=s were untimely designated and as such there
is no evidence to support the award of such fees.  They argue that Hernandez=s disclosure of experts to testify regarding attorney fees on June 18, 1999, was untimely because the trial was set for July 7, 1999.  








This analysis fails
to take into account the fact that the trial date was reset.  When the trial setting is rescheduled, a
party may supplement its answers to discovery. 
See, e.g., Texas Tech Univ. Health Sciences Ctr. v. Podaca, 876 S.W.2d 402, 410 (Tex. App.BEl Paso 1994, writ denied). 
Under Texas Rule of Civil Procedure 195.2, Aa party must designate experts . . . by the later of the following two
dates: 30 days after the request is served, or 
(a) with regard to all experts testifying for a party seeking
affirmative relief, 90 days before the end of the discovery period.@  Tex. R. Civ. P. 195.2. 
This trial began in October 1999, and Hernandez responded to Coastal=s requests for disclosure on June 17, 1999.  Thus Hernandez=s response was given in compliance with the 90 day rule and as such
comported with rule 195.2.  

Appellant=s final two points of error are overruled. 

We affirm the
judgment of the trial court.

_____________________

ROGELIO VALDEZ

Chief Justice

 

Dissenting
opinion by Justice Dorsey.

 

 

Publish.

Tex. R. App. P. 47.3(b).

 

Opinion delivered and filed

this 18th day of April, 2002.

 

 



   * * * * * * * * *

 

 

 

                                   NUMBER
13-00-347-CV

 

                             COURT
OF APPEALS

 

                   THIRTEENTH
DISTRICT OF TEXAS

 

                                CORPUS CHRISTI

__________________________________________________________________

 

COASTAL MART, INC.,                                                         Appellant,

 

                                                   v.

 

ALFREDO HERNANDEZ, JR.,                                                   Appellee.

__________________________________________________________________

 

                        On
appeal from the 139th District Court

                                  of Hidalgo County, Texas.

__________________________________________________________________

 

                            DISSENTING
OPINION

 

        Before
Chief Justice Valdez and Justices Dorsey and Rodriguez

                          Dissenting Opinion by
Justice Dorsey

 












This case concerns the sufficiency of the evidence to sustain a
jury's verdict that an employer unlawfully discriminated against an employee on
the basis of sex.  At trial, Coastal=s evidence
showed that it had fired Hernandez due to his failure to properly perform the
duties and responsibilities required of a Coastal Mart store manager, while
Hernandez attempted to show that Coastal's reasons
for the termination were not the real reasons for his discharge and that sex
discrimination was the real reason for his discharge.  Because I conclude that there is no evidence
to support the jury=s finding that
sex was a Amotivating
factor@ in Coastal=s decision to
terminate Hernandez, I respectfully dissent from the majority=s opinion.

Section 21.125(a) of the Texas Labor Code provides that "an unlawful
employment practice is established when the complainant demonstrates that . . .
sex . . . was a motivating factor for an employment practice, even if other
factors also motivated the practice. . . .@  Tex. Lab. Code Ann. ' 21.125(a) (Vernon
Supp. 2002).  The plain meaning of
this statute establishes "a motivating factor" as the plaintiff's
standard of causation in a Texas Commission on Human Rights Act unlawful
employment practice claim, regardless of how many factors influenced the
employment decision.  Quantum
Chem. Corp. v. Toennies, 47 S.W.3d 473, 480 (Tex.
2001).












Here the trial court instructed the jury that A>motivating
factor= in an
employment decision is a reason for making the decision at the time it was
made.  There may be more than one
motivating factor for an employment decision.@ 
Thus Hernandez established an unlawful employment practice if he
demonstrated that sex was a motivating factor in Coastal's
decision to terminate him.  Proving the
employer's stated reason for the firing is pretext is ordinarily sufficient to
permit the trier of fact to find that the employer was
actually motivated by discrimination.  Reeves
v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 147-48 (2000); Quantum
Chem. Corp., 47 S.W.3d at 481-82. 

                                               Legal Sufficiency

By issues one through four Coastal challenges the legal and factual
sufficiency of the evidence to support the jury=s affirmative answer to question one, which
stated, AWas gender a motivating
factor in Coastal Mart, Inc.=s decision to
discharge Alfredo Hernandez, Jr.?@  The majority determined that the evidence was
legally and factually sufficient to support the jury=s answer to
this question.  I disagree.

This Court will sustain a no‑evidence point only if there is no
more than a scintilla of evidence to prove the existence of a fact.  Quantum Chem. Corp., 47 S.W.3d at 481.  We
review all the evidence in the light most favorable to the verdict and indulge
every reasonable inference in favor of the verdict.  Merrell Dow Pharms., Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997).

Hernandez introduced evidence showing that Coastal=s area sales manager,
Robert Flores, made several remarks, which according to Hernandez, demonstrated
sex-based animus in Coastal=s decision to
terminate him.  These remarks were heard
by Reyna Torres, Hernandez himself, and Armando Vasquez.












Torres worked as an assistant manager at the McAllen Coastal
Mart store where Hernandez was terminated. 
Hernandez supervised her at that store. 
She voluntarily left Coastal in September, 1994, and about a month
later, Robert Flores offered her a job as a manager at the McAllen store, but she
refused the offer.  She testified that on
one occasion Flores told her that she was the only one with a
pleasant and professional voice on his voice mail.

Hernandez testified that at some point after Flores became his
supervisor he overheard Flores tell a Coastal
employee that he was spending a lot of time in Brownsville because there
was a nice-looking female at one of the stores. 
Hernandez also testified that on several occasions Flores stated that
females could do a better job in keeping the store clean and organized and that
he would prefer having more female managers in the store because females do a
better job than males.  Hernandez stated
that Flores made those statements around January and
April of 1995.  Hernandez was fired on June 15, 1995.

Armando Vasquez began working as a cashier for the McAllen store about
mid-May, 1995.  He had heard Flores complain that
Hernandez did not keep a clean store.  On
May 30, 1995, Vasquez
overheard Flores tell Hernandez about how a female could
manage the store better than he could. 
Thereafter Vasquez heard Flores comment on how
messy the store was and how a female could keep the store organized and
clean.  Vasquez testified that after
Hernandez had gotten fired that day, Flores said something
like Aa woman could
keep this store cleaner.@  Vasquez also testified that on June 15, 1995, Flores advised him
that a female was going to take over the store and she would make the store run
smoother and better than Hernandez.












A defendant=s stray remarks
may constitute sufficient evidence of discrimination if the comments are (1) related
to the protected class of persons of which the plaintiff is a member; (2)
proximate in time to the complained-of determinations;  (3) made by a person with authority over the
employment decision at issue;  and (4)
related to the employment decision at issue. 
Wal-Mart Stores, Inc., v. Bertrand, 37 S.W.3d 1, 10 (Tex. App.BTyler 2000,
pet. denied).  While Flores= remarks
indicating he favored women managers over men satisfied the first three
components of that test, they ultimately are not sufficient to show
discrimination because the remarks were not related to the specific
employment decision at issue in this case; i.e., Flores= termination of
Hernandez.  The fact that the remarks
were not tied to the alleged discriminatory employment action means they are
not sufficient to create an inference that Hernandez=s termination
was motivated by sex-based discrimination.












Even though Flores seemed to favor women for manager positions,
no evidenceCcircumstantial
or otherwiseCwas presented
at trial to show that Flores actually fired Hernandez because he was a man and
that he had the intention of replacing him with a woman.  In fact, the evidence shows the
contrary.  When Flores began looking for
a replacement for Hernandez, he did not request a female.  Rather, he asked the other Coastal area sales
managers in the Rio Grande Valley if they knew of anyone who was qualified for
the job.  Dan Sanchez recommended Yeenia Milan because she had done an outstanding job
managing a training store, and he felt she could manage the McAllen store.  The evidence does not show that any manager
recommended a male to replace Hernandez; rather, the undisputed evidence showed
that Milan was the only person recommended to Flores and that he did not
request a female replacement for Hernandez. 
Any inference of discrimination that may have arisen from the evidence
of Flores= discriminatory
attitudes is offset by the evidence showing that Flores, in fact, did not act
on his beliefs.  Accordingly, given the evidence in the
record supporting Hernandez, I conclude that there is no evidence to show that Hernandez=s sex was a
motivating factor in Flores=s decision to
terminate him.  The evidence offered by
Hernandez is no more than a mere scintilla and does no more than create a mere
surmise or suspicion of a vital fact.

                                            Factual Sufficiency

In reviewing a factual sufficiency point we are required to
weigh all of the evidence in the record. 
See Ortiz v. Jones, 917 S.W.2d 770, 772
(Tex. 1996).  We may overturn findings
only if they are so against the great weight and preponderance of the evidence
that they are clearly wrong and unjust.  See
id.  I conclude that there is also
factually insufficient evidence to support the verdict.

The evidence showed that in August, 1994, Flores became the
area sales manager for the McAllen store and began supervising Hernandez.  His initial impression was that Hernandez was
a very capable manager who was able to do his job.  However his impression changed when he
learned that Hernandez was having conflicts with customers, vendors, and a
co-worker.   












These incidents prompted Flores to send a letter to Jerry
Godwin, Coastal=s zone
vice-president for the Rio Grande Valley, detailing the incidents and
recommending that Hernandez be fired because of these problems.  Godwin concurred in Flores= decision to
terminate Hernandez.

Flores denied that Hernandez=s replacement=s gender played
any role in his decision to hire her.  In
fact, Flores eventually demoted her, and she ultimately quit.  Flores testified specifically that his
decision to terminate Hernandez was not in any way based on gender and that, likewise, his decision to hire Milan (Hernandez=s replacement)
was in no way based on gender.

Flores terminated Hernandez on June 15, 1995.  On that day he went to the store and gave
Hernandez a separation notice, which showed that Areorganization@ was the reason
for termination.  This notice stated:

As Area Sales Manager for Coastal Mart #318, I am making a
reorganization of the Store Manager position. 
This decision is based solely on my observations, documented customer
complaints and employee concerns transcripts. 
The following is a list of the areas in which the present manager has
demonstrated the lack of skill and/or ability to attain compliance as described
by the Coastal Mart Store Manager Job Description and Responsibilities Manual:

 

The
separation notice listed seven areas of concern that led to the
termination.  At trial, evidence was
produced regarding six of the seven Aareas of concern@ mentioned in
the separation notice.  Those areas were
customer service, employee relations, vendor relations, maintenance of a clean
and well-organized facility, response time for promotional signs and displays
and daily required bookkeeping.  Evidence
was presented showing that Hernandez was deficient in all those areas.












The reason for the termination articulated by Coastal was that
Hernandez had conflicts with vendors, employees, and customers, that he did not
keep his store clean, that he fell behind on his bookkeeping, and that he was
late with promotional signs and displays. 
Hernandez admitted that he had problems with at least two vendors, that
he had told a customer, Marcelino Torres,[2]
Ato hell with
you,@ and that he
did fall behind on his daily bookkeeping. 
Thus, Coastal gave legitimate, non‑discriminatory reasons for
terminating Hernandez.

Accordingly I conclude that there is both no evidence and
factually insufficient evidence to support the jury=s answer to
question one.  Coastal has shown that sex
was not a motivating factor for the employment decision and has also  articulated
a  legitimate, nondiscriminatory reason
for the termination. 

I
would sustain issues one through four and render judgment that Alfredo
Hernandez, Jr., take nothing by his suit against
Coastal Mart, Inc.

 

 

______________________________

J.
BONNER DORSEY,

Justice

 

Publish.

Tex.
R. App. P. 47.3(b).

Dissenting Opinion
delivered and filed

this 18th day of April,
2002.                                  



 











[1]While
Coastal=s heading for
this point of error challenges the legal and factual sufficiency of the damages
awarded, the argument in the brief addresses only the issue of mitigation with
no references to the record concerning any other arguments.  As such we will only address the issue of
mitigation of damages.  Tex. R. App. P. 38.1(h) 





[2]Marcelino Torres
sent a letter to Robert Flores, Hernandez=s supervisor, complaining about Hernandez=s
conduct.  Hernandez later admitted that
he had said this remark.