**BITUMINOUS CASUALTY CORPORATION, Appellant,**

v.

**E. L. SINGLETON, Appellee.**

No. 3567.

Court of Civil Appeals of Texas.

Eastland.

Oct. 28, 1960.

Rehearing Denied Nov. 11, 1960.

Leachman, Gardere, Akin & Porter, Dallas, for appellant.

Herrick & McEntire, Fort Worth, for appellee.

GRISSOM, Chief Justice.

In a workmen's compensation case E. L. Singleton recovered judgment, based upon a jury's findings, against his employer's insurance carrier for total and permanent disability. The insurance company has appealed. Singleton alleged that while working in the course of his employment for Meredith Drilling Company he received serious and permanent injuries on October 24, 1958; that he fell off a truck and landed on his back across drill pipes, injuring his back and causing him to become totally and permanently disabled within the meaning of the workmen's compensation law, Vernon's Ann.Civ.St. art. 8306 et seq. A jury found that (1) Singleton sustained total disability (2) on October 24, 1958; that such total disability (3) will be permanent and that (5) he did not sustain any partial disability. Appellant's points 1, 2 and 3 are to the effect that the court erred in submitting issue 3 (in answer to which the jury found that Singleton's total disability "will be permanent"), and that there was no evidence to support said finding, or that said answer was so contrary to the overwhelming weight and preponderance of the evidence as to show prejudice or improper

motive on the part of the jury. Appellant also urges in points 4 and 5 that the court erred in failing to hold there was no evidence to support the answer to issue 5 (that Singleton did not sustain any partial disability), and that said answer is contrary to the overwhelming weight and preponderance of the evidence.

There was evidence from which the jury could have believed that Singleton fell from a truck across steel rods and suffered a herniated disc in the lumbar section of his spine; that it was necessary for him to, and he did, undergo surgery on his spine; that the surgery was not successful and he is getting worse; that about three months after the operation Singleton took a job with another employer, for whom he had worked off and on for about 10 years and with whom there had always been a job waiting for him; that because he was not able to properly do his work he lost this employment and he was unable afterward to obtain employment because of his injury; that he went to work for Grace Drilling Company in February, 1959; that he had known Mr. Grace, who apparently owned the drilling company, for a long time; that he had previously worked for said company for about 10 years and had never before been laid off; that he lost his job with Grace in December, 1959, while the rig was still running, because he couldn't do his work; that thereafter he was unable to obtain employment; that after his injury, in traveling to and from the rig, other employees drove for him; that his fellow employees "carried him" on the job and did much of his manual labor and that said employer paid him for some of the time he was actually off the job and that he was off the job from one-fourth to one-half the time. Lay witnesses testified to the effect that after his injury Singleton couldn't do his work; that they had to help him straighten up, get a drink and put on his shoes. All the medical testimony shows some disability after the operation. The conflict in the medical testimony raises the question whether the surgery was successful. There was evidence from which the jury had the right to believe it was not successful. Some of the doctors produced by the insurance company agreed that Singleton was permanently disabled to some extent. Singleton testified to the effect that he was not able to perform the duties of his employment and that his condition was getting worse.

The court did not err in submitting issue 3, inquiring whether Singleton's total disability, which the jury had found in answer to a previous question, would be permanent. There was certainly some evidence to support the finding of permanent disability. Appellant also contends that said finding is so contrary to the overwhelming weight and preponderance of the evidence as to be clearly wrong and unjust. In support thereof it cites, among others, our decision in Texas Employers' Insurance Ass'n v. Moran, Tex.Civ.App., 261 S.W.2d 855 (Writ Dis.). After careful consideration we have concluded that the cases may be distinguished and that the distinctions pointed out in appellee's brief are substantially correct. It has many times been held that proof that an injured employee, under the stress of circumstances, may resume work after an injury and earn as much as he did before in the same or similar type of employment does not conclusively bar recovery for total and permanent disability. Traders and General Insurance Co. v. Vaughn, Tex.Civ.App., 317 S.W.2d 800 (Ref. N.R.E.); Trinity Universal Insurance Co. v. Rose, Tex.Civ. App., 217 S.W.2d 425 (Ref. N.R.E.). Singleton's testimony, plus that of his medical witness, was sufficient to support the findings that are the basis for the judgment. In Texas Employers' Insurance Ass'n v. Scott, Tex.Civ.App., 46 S.W.2d 348 (Writ Ref.), it was, in effect, held that a jury might base its verdict on the testimony of the claimant alone. In Commercial Standard Insurance Company v. Villa, Tex.Civ. App., 313 S.W.2d 627, 632 (Ref. N.R.E.),

we said "The issue as to disability may be established by the plaintiff alone, and this is true even though his testimony may be contradicted by a medical witness." From what has been said, it is evident that we must overrule points 4 and 5 to the effect that the court erred in failing to hold there was no evidence to support the answer to issue 5, that Singleton's disability was not partial, and that such answer was so contrary to the overwhelming weight and preponderance of the evidence as to be clearly wrong and unjust. In passing upon the contentions that the findings mentioned are so contrary to the overwhelming weight and preponderance of the evidence as to be clearly wrong and unjust we have carefully considered all the evidence, in accord with the Supreme Court's holdings in In re King's Estate, 150 Tex. 662, 244 S.W.2d 660 and Tudor v. Tudor, 158 Tex. 559, 314 S.W.2d 793.

Appellant's 6th point asserts error in permitting Singleton to introduce the deposition of Dr. Van Zandt to the effect that the last time he saw Singleton he was unable to perform a substantial portion of the duties of a workman, if such duties involved lifting, bending and stooping. We do not think such action constitutes reversible error for several reasons. The objection went to the weight, rather than the admissibility of the evidence. Appellant's objection was to the form of the question. The testimony was admitted through the reading of the doctor's deposition. The deposition was taken under an agreement that objections to the form of questions and answers must be made at the time the deposition was taken. No objection was then made. The deposition shows that at said time appellant's counsel stated he had no objection to the form of any question or answer. Without objection the doctor was permitted to testify that in February Singleton was disabled from performing the ordinary tasks of a workman, if those tasks included lifting, bending and stooping. He later testified, without objection, to the effect that at the time he last ex-amined Singleton his condition was worse. Earlier in his testimony the doctor was asked whether at that time he felt Singleton was disabled from doing the ordinary tasks of a workman, if the tasks included lifting, bending and stooping. He answered "Yes." There was no objection. Evidence to the effect of that now complained of was admitted without objection.

All of appellant's points have been carefully considered and are overruled. The judgment is affirmed.