Tommy **WILLIS**, Appellant,

v.

**TITAN CONTRACTORS CORP.,**
Appellee.

**No. A2684.**

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 19, 1981.

---

2. The court's definition as set out in the charge stated: " 'Consent' means assent in fact, whether express or apparent."

Newton B. Schwartz, Houston, for appellant.

Marion E. McDaniel, Jr., Houston, for appellee.

Before J. CURTISS BROWN, C. J., and JUNELL and PRICE, JJ.

PRICE, Justice.

This is a suit for personal injuries brought by appellant against his employer, Titan Contractors, as a seaman under the Jones Act (46 U.S.C. § 688) arising out of an injury received by appellant when he slipped on the bow of a motor skiff in the Houston Ship Channel. From an adverse jury verdict under a Jones Act submission, appellant brings this appeal, asserting seventeen points of error. We affirm.

In his principal points of appeal appellant contends that he was a seaman as a matter of law; that an erroneous definition of seaman was submitted to the jury; that irrespective of an adverse jury finding regarding his status as a seaman he is entitled to recover damages under the unseaworthiness doctrine and that such a recovery would not be reduced under the comparative negligence findings; that even if he is not entitled to recovery under the Jones Act or the unseaworthiness doctrine, he is still entitled to recover under the Longshoremen and Harbor Workers' Compensation Act, section 5(b) based upon the jury findings on the submitted issues of negligence and causation and that such recovery would be reduced by the 50% comparative negligence finding; that it was erroneous to have admitted into evidence appellant's filing of a notice of injury and claim for compensation with the Industrial Accident Board and to have excluded evidence regarding appellant's lack of other insurance; that it was erroneous to have admitted a recorded telephone conversation and a summary of that conversation; and that appellant was entitled to a submission on maintenance and cure.

Appellant alleged in his trial pleading that he was a seaman under the Jones Act and that the suit was brought under the Jones Act (46 U.S.C. § 688) for recovery of damages for injuries received in November of 1978 while working for his employer, Titan Contractors. In this pleading appellant alleged generally that appellee was negligent; no special exceptions to these general allegations of negligence were ever heard. Appellant did not plead or contend

that he was a maritime worker engaged in maritime employment and instead confined his pleading to the allegation he was a seaman under the Jones Act. The case was pleaded and tried as a Jones Act case. In special issues the jury found that appellant sustained an injury in November 1978 while employed by appellee; that appellant was not a seaman; that appellee was negligent in failing to provide a nonslip surface on the bow of its boat and in failing to provide a ladder and, therefore, the boat was not fit for its intended use; that the failure to provide a non-slip surface was a producing cause of appellant's injuries; that appellant was contributorily negligent; that appellant and appellee were each 50% negligent; that past medical bills were $16,000.00; that future medical bills totaled $250.00; and that appellant's damages were $24,-000.00 for past physical pain and mental anguish, lost past earnings of $19,200 and none for future lost earnings. Appellant's motion for a judgment n.o.v. on the unseaworthiness claim was denied. The trial court entered a take nothing judgment in favor of appellee and from that judgment appellant perfects this appeal.

Appellant was employed by appellee as a backhoe operator engaged in the installation of a pipeline under the Houston Ship Channel. He worked on the mainland moving with the aid of machinery sections of pipe and then positioning them for welding. This was all part of a land-based operation to bore a hole under the Houston Ship Channel to Barber's Cut for the purpose of installing a pipeline. A drilling rig was set up on an inclined ramp on Hogg Island and upon breaking ground through the opposite side of the channel, the string of pipe which had been previously welded together would be pulled back through the bore hole. At one point in the channel it became necessary to use barges anchored in position known as "spud barges" to aid in the process.

Willis' principal duties were performed on the mainland at a site directly across the channel from the drilling operation; this location was reachable by land to the extent that appellant was able to travel by auto-mobile to and from the job site. Appellant did not work with the drilling crew on the island, nor was he assigned to the skiff or barge as a crew member or otherwise. Appellant offered evidence that appellant serviced and spent a substantial amount of time aboard a twenty-four foot skiff used to ferry workers to and from Hogg Island. Appellant also presented evidence that on the day of his alleged injury he had traveled as a passenger on the skiff to the barge to help deliver some oil and that after unloading the oil onto the barge, he checked the cables on the barge. Appellee's evidence was that appellant had no job related activities on the barge and that he did not use the skiff in his employment. Appellee's evidence further offered that appellant only used the skiff for personal reasons or in conjunction with his union activities as a steward to see union members working on the drilling rig on Hogg Island. On the occasion in question, appellant contends that he slipped and fell when re-boarding the skiff from the barge, resulting in the injuries of which he complains.

█ Appellant urges that we should find him to be a seaman as a matter of law as the courts held in *Norton v. Warner*, 321 U.S. 565, 64 S.Ct. 747, 88 L.Ed. 931 (1944) and *Landry v. Amoco Production Company*, 595 F.2d 1070 (5th Cir. 1979). In these two cases both of the plaintiffs were permanently assigned to vessels and in the Fifth Circuit case the facts "governing plaintiff's status as a seaman were beyond cavil." *Landry v. Amoco Production Co., supra* at 1071. The Jones Act gives "[a]ny seaman who shall suffer a personal injury in the course of his employment" the right to bring an action for damages against his employer, but does not define the term "seaman." 46 U.S.C. § 688 (1976). Case law indicates that to qualify as a Jones Act seaman the appellant "must be able to show that he was permanently assigned to or performed a substantial part of his work on the tender (vessel) and that the capacity of his employment contributed to the function of the tender (vessel), its mission, its operation, or its welfare." *Longmire v. Sea*

*Drilling Corp.*, 610 F.2d 1342, 1345 (5th Cir. 1980); *Offshore Company v. Robison*, 266 F.2d 769, 779 (5th Cir. 1959). To meet the requirement of *Robison* that the worker "performed a substantial part of his work on the vessel" it must be shown that he performed a significant part of his work aboard the ship with at least some degree of regularity and continuity. *Keener v. Transworld Drilling Company*, 468 F.2d 729, 732 (5th Cir. 1972).

 In this case the jury decided the issue of seaman status against appellant. The question of whether an injured employee was a seaman at the time of his injury is normally a question for the trier of fact. *Longmire v. Sea Drilling Corp., supra* at 1345. The federal courts have broadened the jury function in Jones Act cases to such an extent that "the appellate court has no jurisdiction to overturn a jury verdict supported by some evidence of probative force even though the appellate court should conclude that the verdict is against the great weight and preponderance of the evidence." *Continental Oil Company v. Robert E. Lindley*, 382 S.W.2d 296 (Tex.Civ.App.—Houston 1964, writ ref'd n.r.e.). Where there is evidence present which raises the elements of the *Longmire* and *Robison* definition of seaman, the issue becomes one for the jury and we conclude that in the instant case there was sufficient evidence for the jury's finding that appellant was not a seaman.

 Appellant further contends that the trial court's definition of seaman was erroneous. In the instant case the trial court's definition of seaman as "An employee who is permanently assigned to a vessel, or who performs a substantial part of his work on that vessel and whose duties contribute to the function of the vessel or the accomplishment of its mission, its operation or its welfare" was essentially correct pursuant to the standards set out in *Offshore Company v. Robison, supra*, at 779 and *Longmire, supra* at 1036. Appellant asserts that the word "permanent" was not defined; this contention is without merit because the trial court definition was framed in the disjunctive of either perma-

nent or a substantial part of appellant's work. Furthermore, the term "vessel" has been expanded to include some nonconventional waterborne vessels and the jury was free to consider the skiff and barges involved in Titan's work so that appellant's complaint regarding the use of the word "vessel" as an undue limitation is specious. *Holland v. Allied Structural Steel Co., Inc.*, 539 F.2d 476, 479 (5th Cir. 1976), cert. denied, 429 U.S. 1105, 97 S.Ct. 1136, 51 L.Ed.2d 557 (1977). Finally, the omission of the language concerning "the capacity in which he was employed" is not violative of the *Robison* standards and the definition afforded the jury the opportunity to determine his duties and the nature of his employment. Furthermore, appellant did not object to the charge on this basis.

 . Appellant contends that the court erred in admitting into evidence appellant's notice of injury and claim for Worker's Compensation to the Texas Industrial Accident board. The record discloses that the appellant joined in the offer of this exhibit into evidence, did not object to this admission and that said exhibit was expressly admitted into evidence by the court without objection. Therefore, any error is waived. *Bituminous Casualty Corp. v. Singleton*, 339 S.W.2d 922 (Tex.Civ.App.—Eastland, 1960, writ ref'd n.r.e.) Appellant further maintains that it was error to exclude appellant's exhibits in the form of letters regarding the fact that appellee did not carry any other insurance other than State Worker's Compensation insurance. The record discloses that appellant failed to lay the proper predicate of authentication for the introduction of these exhibits and thusly their exclusion was proper. *Zodiac Corp. v. General Electric Credit Corp.*, 566 S.W.2d 341, 346 (Tex.Civ.App.—Tyler 1978). Further, such exhibits as to insurance coverage or lack of it is a collateral matter not material or relevant to any fact issue in the case and was properly excluded even if the exhibits had been properly authenticated. *Dallas Railway and Terminal Co. v. Oehler*, 156 Tex. 488, 296 S.W.2d 757 (1956).

Appellant asserts that he is entitled to recover under the unseaworthiness doctrine even though the jury found he was not a seaman. Prior to 1972, longshoremen and certain other marine employees had a cause of action against a shipowner for breach of warranty of unseaworthiness when they were injured while loading or unloading a ship. *Seas Shipping Co. v. Sieracki*, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099 (1946). The 1972 amendments to the Longshoremen's and Harbor Workers' Compensation Act, particularly § 5(b), radically changed this scheme of things as the longshoreman's right to recover for unseaworthiness was abolished. 33 U.S.C. § 905(b) (1972). *See also: Scindia Steam Navigation Co., Ltd. v. De Los Santos*, 451 U.S. 156, 101 S.Ct. 1614, 68 L.Ed.2d 1 (1981). Appellant cites *Lewis v. Roland E. Trego and Sons*, 501 F.2d 372 (4th Cir. 1974) for the proposition that maritime workers may recover for unseaworthiness but that case deals with matters prior to the 1972 amendment and as such its holding is no longer viable. There is no other basis of recovery under an unseaworthiness claim than as a seaman. Unseaworthiness is based on strict liability and therefore a finding of contributory negligence does not diminish recovery; however, because appellant is not entitled to recover on an unseaworthiness claim, the question of what effect, if any, the 50% contributory negligence finding has on an unseaworthiness claim is not in the case. With regard to appellant's claim for maintenance and cure this remedy covers only seamen and not longshoremen or others working in a harbor area. *See* 1B *Benedict on Admiralty* § 44 at 4–11 (7th ed. rev., 1976). Therefore, the finding that appellant does not qualify for seaman status under the Jones Act likewise precludes him for pursuing a claim for maintenance and cure and unseaworthiness. If there was error in the lack of submission of the issue of maintenance and cure it was harmless because appellant was not found to be a seaman.

Appellant further maintains that he may still recover under Longshoreman's and Harbor Workers' Compensation Act, 33 U.S.C. § 905(b) (1978), on the basis of the jury's findings on negligence and causation despite the fact that they did not find him to be a seaman. Appellant fails to meet the status requirements of the act to come within its purview; a person covered under this chapter is defined as a maritime worker employed by a maritime employer and neither appellant nor appellee can be classified as such. LHWCA §§ 2(3), 2(4), 33 U.S.C., §§ 902(3), 902(4) (1978). *See also: Lynn v. Heyl and Patterson, Inc.*, 483 F.Supp. 1247 (1980). We reject appellant's contention on oral arguments that appellant does not have to be a maritime worker to recover under the Longshoreman and Harbor Workers' Compensation Act. Secondly, the case was pleaded and tried as a Jones Act case with negligence pleaded generally. Appellant never asserted the 905(b) action on the trial level, nor was an issue submitted or requested as to whether he was a maritime worker. Appellant contended only that he was a seaman under the Jones Act and the jury resolved that issue against him. A party cannot raise on appeal an issue which was not raised in the pleading and which was not before the trial court. *State of California Department of Mental Hygiene v. Bank of the Southwest National Association*, 348 S.W.2d 731 (Tex.Civ.App.—Waco 1961), aff'd, 163 Tex. 314, 354 S.W.2d 576 (1962). It may be further noted that the issue of causation was stated in terms of producing cause which suffices for an action brought under the Jones Act but there is some authority for the proposition that an action under § 905(b) requires a proximate cause instruction. *McMillan v. Marine Sulphur Shipping Co.*, 607 F.2d 1034, 1039 (2d Cir. 1979), *cert. denied*, 445 U.S. 905, 100 S.Ct. 1082, 63 L.Ed.2d 321 (1980).

Appellant contends that it was error to admit a summary of a telephone conversation and the actual recording of the telephone conversation between the appellant's witness Donald R. Patterson and appellee's witness Vaughn Watts as being violative of 18 U.S.C. §§ 2510–20 (1970). In the instant case, the person making the recording was a party to the conversation

and this situation is specifically exempted from the statute. 18 U.S.C. § 2511(2)(d) (1970). Appellant cites Baade, *Illegally Obtained Evidence*, 52 Tex.L.Rev. 621, 655 (1974) in support of his argument but the discussion from which appellant quotes deals with the interception of communications where the interceptor is not a party to the conversation. Accordingly we overrule appellant's point of error.

We have reviewed all of appellant's other points of error and find they should be overruled.

The judgment of the trial court is affirmed.